CaRUTHERS, J.,
delivered the opinion of the Court.
The Bank of the Union recovered a judgment against Glolladay, Cheatham & Co., as the drawers, in Tennessee, of a hill of exchange for $1200, upon Traber & Aubery, of Cincinnati, Ohio, in the Circuit Court of Davidson. “Acceptance waived,” was written upon the face of the bill.
The errors assigned, are upon the charge of the Court.
The defence was upon the ground of failure of notice of the demand and refusal to pay. The official protest of the notary is in evidence, which shows that the protest was on the proper day, 23d of October, 1857; the bill having been drawn on the 22d of July preceding, at ninety days. The ■ only. proof of notice is this sentence in the body of the protest: “I then notified the drawers and endorsers.” The act of 1820, ch. 25, sec. 4, is, that *59 ■when “ the notary shall have certified either in, or on his protest, that he has given notice of demand of payment, and refusal, or the dishonor of such bill,” &c., “to the endorsers, makers, or others concerned, such protest shall fce prima facie evidence of the fact of notice.”
The Code, in sections 1800 and 1801, continues, in substance, the same provision. This was done to save the parties from the expense of taking 'depositions, and the loss of rights by the accident of death.
The fact is to be stated by the notary, either in or on his protest. But it is said that he must state the time when the notice was given, the post office to which-it was sent, and all the particulars necessary to make out a good legal notice, under the'law merchant. The act does not expressly require this. The notary is a public officer and when he certifies' that he has done an official act it must be presumed that he has done it correctly, unless some statute or rule of law prescribes a particular- mode, until the contrary appears. It is only made prima facie evidence. It is no hardship on a defendant who is relying upon strict law. and, generally, without merit to get clear of a debt, to require him to rebut this presumption. It would be easy to prove the facts by the notary if he had not done enough to fix the liability. We are not prepared to agree with his honor, that this proof unrebutted, was not sufficient on the question of notice. We. think it was prima facie, under the statute, and cast the burthen of proving the contrary upon the defendants. But the plaintiff recovered upon other grounds, Avith this error against him.
The defendants complain of two positions in the charge against them:
*60 1. The Court stated to the jury, “ that if the defendants had no effects in the hands of the drawee, with which to meet the bill, they would not be entitled to notice of the dishonor; and that in the absence of an acceptance by the drawee, or a waiver of an acceptance upon the bill, the law would not raise a presumption of effects in the hands of the drawee, and the burthen of proof of effects would lie upon the defendants.”
2. “That the letter marked exhibit 1 C,’ although it specified no particular debt as being due from the defendants to the plaintiff, might, in the absence of proof of the existence of any other debt, be presumed to apply to this debt; and that if they believed it to apply to this debt, it would be a waiver of notice, and a promise to pay the debt, notwithstanding there had been no notice. And that the said letter was admissible under the present state of the pleadings, to prove a waiver of notice, and subsequent promise to pay, where the declaration contained but one count, with an averment that there had been due and legal notice, and without any excuse for the want of notice, or any count founded on a subsequent promise.”
The letter marked exhibit “ 0,” was written by Archer Cheatham, one of the firm, and is as follows:
At Home, December 30th, 1857.
“ Dau’l E. CARTER, Esq.,
“Dear Sir: — Golladay, Cheatham & Co., have stopped their furnace, and will wind up their business just as rapidly as possible. We have about 1000 tons pig iron, with negroes and mules, all which we are going to sell as soon as possible, in order to pay off all the indebtedness of said firm. We are owing money, and among *61 the rest, are indebted to jour Bank. It has been our wish to pay off all our debts promptly, but no one, six months ago, looked for the times we have had for the past four months. Like many others, we have found it impossible to pay our debts at maturity. But we have stopped our furnace, and will sell everything belonging to the firm, and go ahead and pay what we owe, without the mortification of suit. If you think, however, upon consultation with those engaged with you, that a suit is the safest and quickest way to collect your debt, I have not one word of complaint to utter. We are abundantly able to pay all we owe, and will devote ourselves to this purpose until we get through.”
Dan’l Carter, to whom this letter was addressed, was proved to be the President of the Bank of the Union, and it was also proved, that this letter was in the hand writing of the said Archer Cheatham, of the firm of defendants. There is but little other proof, in the case, except as to the residences of the defendants, their post offices, and place of doing business, and that they were in the habit of doing business by consigning their iron to the drawees of this bill. But whether they had any effects in their hands to meet this bill, or had given any assurances that it would he met, does not appear. There is no proof that we can notice upon either side on that point.
In reference to this state.of facts, are the legal positions assumed in the charge erroneous?
1. There can be no doubt but that the drawer of a bill is bound to the payor or holder, without demand or notice, where he has no effects in the hands of the drawee to meet it, or some good reason to believe it *62 will be accepted. Story on Prom., notes, secs. 311, 268; . Story on Bills, 811, 369. But this is an exception to the general rule; Ohitty on Bills, 436, and note 2. But it is always presumed that the drawee has such effects, until the contrary appears. Chitty on Bills, 327, 436. The holder must prove this to excuse notice, note 2; and 2, Marsh. 152; Byles on Bills, 234, note 1. So the only question upon this part of the charge, is, whether the waiver of acceptance upon the bill, or the absence of acceptance, changes the presumption of law in favor of effects being in the hands of the drawee, and throws the burthen of proving that fact upon the drawer, before he can defend himself upon the ground of want of notice of dishonor at maturity, upon the demand of payment.
There are some exceptions to the rule that want of effects dispenses with notice; Chit, on Bills, 329, 436, and note; but they need not be referred to, as the facts of this case did not require that they should be brought to the attention of the jury. Upon this precise question wo have been referred to no authority, and are unable to find any. The position of the charge is that where there is no acceptance, and this may be for want of presentation, or refusal to accept upon presentation, the presumption of law that the drawee has effects of the drawer in his hands is overthrown. In other words, there is no such presumption unless the bill is accepted, or that it does not arise until actual . acceptance. It goes further, and holds that the presumption is against effects to meet the bill, and the drawer must show he had them there before he can insist upon his right to notice of demand and refusal to *63 pay. This was certainly conclusive of the case upon that point, as it was not pretended that the hill had been presented for acceptance, or that it was intended by the parties that this should be done. The duty of doing this was waived on the face of the paper. And this last fact, also, the Judge charges, would have the same eifect to change the burthen of proof.
In the absence of authority, we are not prepared to adopt this principle, which seems to us to be an innovation upon the established practice. We are not able to see how the fact of want of acceptance, or waiver of acceptance, could change the legal presumption in relation to the existence of effects to meet the bill in the hands of the drawee. We can perceive no good reason why it should have the effect to change the burthen of proof on that subject. The law does not require the presentation of a bill at all before maturity in order to hold the drawer or endorsers liable. The holder .may do this, or not, at his option, end he loses nothing by the failure, but the obligation of the drawee, in case he would accept. Can the waiver of acceptance have any other effect ? The drawee in this does not waive the presentation for payment, and -if not, it would seem clear that his right to notice of refusal to pay, would remain unaffected, and that any excuse for the failure to give him notice of that, would have to be made out by the holder, by proving, against the existing presumption of effects, that there was no provision made to meet the bill. The charge on this point introduces, as it seems to us, a new rule and distinction in this branch of the law, which is already sufficiently complicated;
This practice of waiving acceptance is, perhaps, a *64 modern invention to avoid the charges generally made by business men, of a certain per cent, for the act of accepting. It is difficult to see what legal effect it would have upon the rights of the parties to a bill, or how it can in any way change the law merchant on the questions of notice, or the established presumptions of law, or bur-then of proving matters to exonerate holders from the performance of acts required to fix drawers with liability. So, we thinlc, there is error in this point of the charge.
2d. On the second point, we think his Honor was right throughout, with the exception of the important qualification, that an acknowledgment of the debt, and promise to pay it, in order to amount to a waiver of demand or notice, must be made with a knowledge of his discharge at the time. Ad. on Con., 998; 8 Kent 113. Our own adjudication in the case of Spurlock v. The Union Bank, 4 Hum., 336, makes the full knowledge of his discharge indispensable to the binding effect of such a subsequent provision. As to the identity of the debt referred to in the letter, and the admissibility of the evidence under the count averring demand and notice, the charge was right upon the authorities. But this position as to a promise to pay, amounting to a waiver of notice, is erroneous without the qualification that they knew at the time that they were discharged for want of notice.
It may be that the same verdict would have been proper, notwithstanding these errors of the grounds of waiver of the want of notice, if the Court had let in the protest as proof of notice; and, therefore, a new trial should not be given, as the merits have been *65 reached. Yet we cannot tell but the defendants were prepared to disprove the prima facie evidence afforded by the statement of notice in the protest, if it had been admitted against them.
The result is that the judgment must be reversed.